IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, <br><br> Plaintiffs, <br><br> v. <br><br> DAVIS & DAVIS GENERAL CONSTRUCTION AND CONCRETE, INC., an Illinois corporation, <br><br> Defendant. | No. 1:20-cv-1682- |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, LLP, complain against Defendant, DAVIS & DAVIS GENERAL CONSTRUCTION AND CONCRETE, INC., as follows:

### JURISDICTION AND VENUE

1. (a) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

(b) Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered and 29 U.S.C. Section 185(c).

### PARTIES

2. (a) The Plaintiffs in this count are MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, ("the Funds"), and have standing to sue pursuant to 29

U.S.C. Section 1132(d)(1).

  (b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

  (c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

 3. (a) DAVIS & DAVIS GENERAL CONSTRUCTION AND CONCRETE, INC. (hereafter "DAVIS"), employs employees represented by the Union and is bound to make contributions for hours and weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

  (b) DAVIS has its principal place of business in Champaign, Illinois.

  (c) DAVIS is an employer engaged in an industry affecting commerce.

 4. Since on or before January 2018, DAVIS has been bound to make contributions to the Plaintiffs' Funds by submitting monthly report forms to the Funds on behalf of bargaining unit employees. (Exhibit A)

 5. By virtue of certain provisions contained in the collective bargaining agreements, DAVIS is bound by the Trust Agreement establishing the Funds.

 6. Under the terms of the Trust Agreement to which it is bound, DAVIS is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs'

accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

    8.    Plaintiffs are advised and believe that from January 1, 2018 through the present, DAVIS has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

    **WHEREFORE**, Plaintiffs pray for relief as follows:

    A.    DAVIS be ordered to submit to an audit for January 1, 2018 through the present.

    B.    Judgment be entered on any amounts found to be due on the audit.

    C.    Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

    D.    DAVIS be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

    E.    This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

    Respectfully submitted,

    MARK MCCLESKEY, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS

    By:    s/ Donald D. Schwartz
            One of their Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN, LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415